Argued April 28, affirmed, no costs to either party May 16, 1977

In the Matter of the Marriage of
BOYE, *Respondent,*
*and*
BOYE, *Appellant.*
(No. 42550, CA 7236)
563 P2d 1243

J. W. Walton, Corvallis, argued the cause for appellant. On the brief was Ringo, Walton & Eves, P.C., Corvallis.

Gregory L. Decker, Albany, argued the cause for respondent. On the brief were Richard T. Kropp and Emmons, Kyle, Kropp & Kryger, Albany.

Before Schwab, Chief Judge, and Lee and Johnson, Judges.

JOHNSON, J.

## JOHNSON, J.

This is an appeal from an order modifying the child support provisions of the decree of dissolution. The trial court proceeding arose out of a motion by the husband and cross-motions by the wife and two of the children who are over 18 but are attending college. The original decree required that the husband pay $120 per month child support for each of the five children. Three of the children are still minors in the custody of the mother. The modification order provided that the husband would not be under an obligation to pay the wife child support for the minor children during the summer months when they were visiting the husband. The order also provided for direct payment of support to the two older children and increased the amount of support that they received in order to help assist in defraying the costs of their education.

The wife contends that there was not a sufficient change of circumstances to warrant eliminating child support during periods of visitation. We disagree. Since the initial decree, the husband has become a career officer with the United States Navy and is stationed in Florida. As a consequence visitation has been less frequent but for a greater period of time during the summer months, and the husband has incurred increased expenses in transporting the children to and from Florida during the summer months. The husband has also been required under the modification order to provide a greater amount of support for the two children in college.

The wife also assigns as error that the increased amount of support ordered is inadequate. We are convinced that the award by the trial court was reasonable under the circumstances.

There was some question whether the court's decree of $120 per month for the eldest daughter during the period she is enrolled in college would include payments during the normal summer recess. Since the

husband agrees that the lower court's order included the summer months, no further clarification is necessary.

Affirmed.